Craig Solomon Ganz (023650)
ganzc@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

OF COUNSEL:

Lisa R. Bugni (*pro hac vice* to be submitted)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30306
Telephone: 404.881.4959
Facsimile: 404.253.8359

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EXP PHARMACEUTICAL SERVICES CORP., a California company,<br><br>Plaintiff,<br><br>v.<br><br>BESTIT.COM, INC., an Arizona company,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff EXP Pharmaceutical Services Corp. ("EXP"), through its attorneys, and for its Complaint against BestIT.com, Inc. ("BestIT"), hereby alleges as follows:

## NATURE OF THE ACTION

1. EXP brings this action for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment for BestIT's knowing and willful failure to comply with the terms of the Agreement (as defined below). EXP seeks monetary damages as a result of the claims against BestIT, which it has suffered as a direct consequence of BestIT's conduct.

**PARTIES**

2. EXP is a California company with its principal place of business in Fremont, California.

3. BestIT is an Arizona company with its principal place of business in Phoenix, Arizona.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and complete diversity of the parties exists. Specifically, EXP resides in California, and BestIT resides in Arizona.

5. This Court has personal jurisdiction over BestIT because BestIT resides and conducts business in Arizona. In addition, the Agreement provides that "the parties agree that the exclusive jurisdiction and venue of any action between the parties arising out of, or in any way connected with the provisions of this Agreement … shall be the Superior Court of Arizona for the County of Maricopa and the United States District Court of the District of Arizona, as applicable, and each of the parties hereby submits itself to the exclusive jurisdiction and venue of such courts for purposes of any such action or proceeding." MSDA (as defined below), § 16(b).

6. Venue in this district is proper under 28 U.S.C. § 1391(b) because BestIT resides in this district.

**GENERAL ALLEGATIONS**

7. EXP is a prominent member of the pharmaceutical reverse distribution industry specializing in expired pharmaceutical product returns processing, professional waste disposal and customized reporting services.

8. EXP serves hospital, government, independent retail, chain-store, clinic, long-term care, veterinarian, and dozens of other pharmacy segments including wholesalers and manufacturers.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

9. EXP is a recipient of numerous federal and state-issued licenses and certifications, and is one of the few pharmaceutical reverse distributors licensed as a DEA Schedule I registrant.

10. EXP's business operated, in part, through the use of a proprietary core software system called CAPEX. The CAPEX system linked various other satellite systems used by the sales force and EXP's clients.

11. In 2012, the CAPEX system had reached its capacity limits, and, thus, EXP required a new software system.

12. EXP retained BestIT to develop that new software. The proposed new software system was referred to as Libertas (the "Project") and it consisted of the following two parts: (a) a field application, which was to be installed on the computers of EXP's field representatives and (b) a rewrite of the CAPEX core software system.

13. The Project was governed by the following documents: (a) the Master Software Development Agreement dated as of June 10, 2011, a copy of which is attached hereto as **Exhibit A** (the "MSDA"); (b) the Statement of Work for the CAPEX II Rewrite executed on or about August 10, 2012, a copy of which is attached hereto as **Exhibit B** (the "SOW"); (c) the Customer Change Request Form for the CAPEX II/Libertas project executed on or about February 28, 2013 ("CCR I"), a copy of which is attached hereto as **Exhibit C**; and (d) the Customer Change Request Form for the Libertas project executed on or about June 4, 2014 ("CCR II"), a copy of which is attached hereto as **Exhibit D** (collectively, (a) through (d) shall be referred to as the "Agreement").

14. From October 2012 through November 2014, EXP made the advance payments to BestIT as set forth on the schedule to CCR I and as set forth in CCR II. In total, EXP paid BestIT advance payments of $1,888,154.15 for the Project.

15. EXP, however, has never received the completed Project bargained for under the Agreement.

16. As set forth in CCR I, the go-live date for the Project was March 31, 2014. This deadline was extended to December 31, 2014 when the parties agreed to the

1 enhancements for the Project set forth in CCR II.  December 31, 2014 remained the last
2 and final agreed upon go-live date for the Project.

3       17.    BestIT failed to deliver any completed source code for the CAPEX rewrite
4 portion of the Project by December 31, 2014.  In fact, BestIT never delivered any
5 completed source code for the CAPEX rewrite portion of the Project.

6       18.    After the December 31, 2014 deadline was missed, BestIT assured EXP
7 that delivery of the completed CAPEX rewrite would be forthcoming.  EXP, accordingly,
8 arranged for BestIT to install the field application on the computers of EXP's field
9 representatives in January 2015.

10       19.    EXP's field representatives were located throughout the United States.  A
11 great deal of logistical effort was implemented and significant expenses were incurred to
12 have the field representatives attend a meeting in one location for BestIT to install the
13 field application in one location over the course of several days.  The installation of the
14 field application occurred in early January 2015.

15       20.    After the January 2015 meeting with the field representatives, BestIT
16 informed EXP that the field application was defective and would not function because
17 BestIT had improperly installed a test version rather than a production version.

18       21.    In the MSDA, BestIT represented and warranted, among other things, that
19 "all Deliverables will function on the machines and with then-current versions of the
20 operating systems for which they are designed."  MSDA, § 14(c).  The field application
21 that BestIT delivered did not function and was, accordingly, in breach of the MSDA.

22       22.    EXP, at this juncture, began to question BestIT's ability to deliver
23 functional source code for the CAPEX rewrite portion of the Project.  Thus, EXP asked
24 to view the source code that had been completed to date.

25       23.    BestIT purportedly showed EXP a working version of the source code
26 completed to date.  That working version was a mere fraction of the total source code
27 required for the Project.  Moreover, that working version demonstrated that little to no
28

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

work was done on the CAPEX rewrite portion of the Project beyond preliminary and prototypical screens with absolutely no back-end functionality.

24. BestIT had represented to EXP that it could deliver the completed CAPEX rewrite by March 31, 2015. EXP never agreed to this revised date, and, based on the amount and quality of the source code completed as of January 2015, EXP determined it was impossible for BestIT to deliver the CAPEX rewrite by March 31, 2015 or by any date in the foreseeable future.

25. BestIT's complete failure to develop any functional source code despite being paid an advance of over $1.8 million over the course of two years constitutes bad faith.

26. On January 29, 2015, EXP provided BestIT notice that it was terminating the SOW on 90 days written notice as set forth in § 15(c) of the MSDA. The termination was effective May 1, 2015.

27. On March 2, 2015, EXP demanded that BestIT reimburse EXP for the advance payment made of $1,888,154.15 (the "Advance Payment").

28. BestIT has failed and refused to return to EXP the Advance Payment.

29. EXP has satisfied all conditions precedent.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against BestIT)**

30. EXP incorporates the allegations contained in paragraphs 1 through 29 of the Complaint, as if set forth here.

31. The Agreement was a valid contract entered into by EXP and BestIT.

32. BestIT materially breached its obligations under the Agreement *inter alia* in the following ways:

    a. BestIT breached the Agreement by failing to provide the CAPEX rewrite by December 31, 2014, as agreed to by the parties at the time CCR II was executed;

      b. BestIT breached the Agreement by failing to provide any completed source code for the CAPEX rewrite;

      c. BestIT breached the Agreement by delivering a field application that did not function in violation of § 14(c) of the MSDA.

33. As a direct and proximate result of BestIT's material breaches of the Agreement, EXP has been damaged, and continues to be damaged, in an amount to be determined at trial, but not less than the amount of the Advance Payment and the consequential damages arising from the breach.

34. Contractually, under § 16(k) of the MSDA, BestIT is liable for attorneys' fees and costs incurred by EXP in enforcing the Agreement.

35. Statutorily, BestIT is liable for attorneys' fees and costs incurred by EXP pursuant to A.R.S. § 12-341.01.

36. Because BestIT acted in bad faith by its failure to perform the Agreement, BestIT is not entitled to rely on any limitation of liability.

**SECOND CLAIM FOR RELIEF**
**(Contractual Breach of Covenant of Good Faith and Fair Dealing Against BestIT)**

37. EXP incorporates the allegations contained in paragraphs 1 through 36 of the Complaint, as if set forth here.

38. The Agreement was a valid contract entered into by EXP and BestIT.

39. Arizona law implies a duty of good faith and fair dealing into the Agreement.

40. BestIT owed a duty of good faith and fair dealing to EXP.

41. BestIT breached this duty by performing in a manner that is unfaithful to the purpose of the Agreement.

42. Specifically, BestIT did little to no work on the CAPEX rewrite portion of the Project beyond prototypical screens with no back end functionality despite being paid over $1.8 million over the course of two years.

43. As a direct and proximate result of direct breach of the covenant of the implied duty of good faith and fair dealing, EXP sustained damages in an amount to be proved by the evidence at trial.

44. Contractually, under § 16(k) of the MSDA, BestIT is liable for attorneys' fees and costs incurred by EXP in enforcing the Agreement.

45. Statutorily, BestIT is liable for attorneys' fees and costs incurred by EXP pursuant to A.R.S. § 12-341.01.

### THIRD CLAIM FOR RELIEF
### (Alternatively - Unjust Enrichment Against BestIT)

46. Plaintiff incorporates the allegations contained in paragraphs 1 through 45 of the Complaint, as if set forth here.

47. In the event the Court determines the Agreement is not valid, binding or enforceable, BestIT is liable for unjust enrichment.

48. EXP entered into the Agreement with the reasonable expectation BestIT would deliver *inter alia* the CAPEX rewrite and a functional field application.

49. BestIT was unjustly enriched by receiving the Advance Payment from EXP while failing to comply with the terms of the Agreement.

50. As a direct and proximate result of BestIT's improprieties, BestIT was unjustly enriched in an amount to be proved by the evidence at trial.

51. Contractually, under § 16(k) of the MSDA, BestIT is liable for attorneys' fees and costs incurred by EXP in enforcing the Agreement.

52. Statutorily, BestIT is liable for attorneys' fees and costs incurred by EXP pursuant to A.R.S. § 12-341.01

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EXP Pharmaceutical Services Corp., requests judgment in its favor and against Defendant, BestIT.com, Inc., on the claims asserted herein, and that the Court enter the following relief:

A.  For an award of damages against Defendant, in an amount to be determined at trial, but not less than $1,888,154.15;

B.  For an award of attorneys' fees and costs incurred in enforcing the Agreement under § 16(k) of the MSDA and pursuant to A.R.S. § 12-341.01;

C.  For an award of interest; and

D.  For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 29th day of June, 2015.

BALLARD SPAHR LLP

By: */s/ Craig Solomon Ganz*
Craig Solomon Ganz
ganzc@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
Attorneys for Plaintiff

OF COUNSEL:

Lisa R. Bugni (*pro hac vice* to be submitted)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30306
Telephone: 404.881.4959
Facsimile: 404.253.8359

8